WHITE *v.* JENKINS.

4-8488 209 S. W. 2d 457

Opinion delivered March 22, 1948.

120

*L. B. Smead*, for appellant.

*Gaughan, McClellan & Gaughan*, for appellee.

ROBINS, J. Appellants, citizens and school patrons of Troy Special School District No. 12, of Ouachita county, brought this suit in the chancery court against appellees, directors of that district. In their complaint they asked that appellees be enjoined from using the bus of the district to transport the district's grade school children to the Stephens Special District; that they be enjoined from continuing to keep the Troy District white school closed; and that they be enjoined from sending to the Stephens School any pupils of the Troy District except those in high school grades.

The lower court dismissed appellants' complaint and they have appealed.

The case was tried below on a stipulation which reflected the situation in this district. There were enumerated 35 white children and a "considerably larger" number of negro children. On September 10, 1947, the directors voted not to operate the white school during the year 1947-1948 and to transport the white children to the Stephens School. A contract was entered into with the Stephens District by which the latter district agreed to teach the high school students of the Troy District for $1,200. No charge was made by the Stephens District for the tuition of the grade school children. The County Board of Education authorized the arrangement between the two districts.

The budget statement attached to the stipulation showed the amount available, from all sources, for expenditure by the Troy School District for the school year 1947-1948 to be $7,095. This was to be expended as follows: Salaries of five negro teachers, $2,820; bus driver, tires, repairs, gas, oil, etc., $2,000; operating

expense, $250; repairs on buildings, etc., $140; insurance on buildings, $140; debt service $545; tuition, under agreement with Stephens District, $1,200.

Appellants concede that appellees had the power, under the provisions of § 11727, Pope's Digest, to make an agreement with the Stephens District for the schooling of the Troy District's high school students; and it is not urged that the contract made was an unreasonable or improper one. It is admitted that, with the $1,200 being spent in this way, there would not be sufficient funds left to pay for operating the district's white grade school.

Appellants do not ask that the expenditure of the $1,200 for tuition for high school students be enjoined. Therefore, if the court should order appellees to re-open the white grade school, such an order would require them to spend funds in excess of the district's annual receipts. This school directors are forbidden to do under the provisions of § 11535, Pope's Digest.

While the wisdom of appellees' decision, under which they solved the district's problem by closing the white school, keeping three negro schools open and paying out a total of $3,200 for transportation and tuition of the white children, might well be questioned, we do not find that appellees went beyond their statutory powers or violated any statutory duty in doing this.

It is well settled that courts may not intervene to control matters in the discretion of administrative bodies such as school boards, in the absence of a showing of an abuse of such discretion. Necessarily, some latitude in the exercise of this discretion must be given to these boards. They represent the people of the locality affected and naturally are closer to the problems to be solved than any court or other agency could be. 28 Am. Jur. 352, *Connelly* v. *Earl Frazier Special School District*, 167 Ark. 49, 266 S. W. 929; *Pugsley* v. *Sellmeyer*, 158 Ark. 247, 250 S. W. 538, 30 A. L. R. 1212; *State* v. *Montgomery County Special School District No. 16*, 154 Ark. 176, 242 S. W. 545.

It follows that the decree of the lower court was correct and is affirmed.