Foster v. Ft. Smith Cotton Oil Company.

5-529                                    273 S. W. 2d 529

Opinion delivered December 20, 1954.

*Franklin Wilder* and *Ragon & Morgan,* for appellant.

*Warner & Warner* and *C. Randolph Warner, Jr.,* for appellee.

Ed. F. McFaddin, Justice.   This is a case under the Workmen's Compensation Law.   The Commission denied compensation; the Circuit Court affirmed the Commission; and the employee brings this appeal.

On December 4, 1951, appellant, Foster, while employed by appellee, Fort Smith Cotton Oil Company, received an accidental injury—a blow on the head—which rendered him unconscious for a few minutes.   After receiving first aid, he returned to his work; but in a few days began to complain of violent headaches, the like of which he had never previously suffered.   On December 20th he became unable to work.   Subsequent examinations disclosed hypertension, although a physical examination approximately twenty months before the trauma had shown his blood pressure to be normal.   It is agreed that he is now totally and permanently disabled because of hypertension.

Appellant sought compensation, claiming that the trauma (blow on the head) was the cause of his hypertension and resulting disability.   The claim was contro-

verted. Testimony was taken before one Commissioner and his opinion stated:

"Based upon all the evidence in this case, I am of the opinion that the disability claimant has suffered since leaving his employment on or about December 20, 1951, is not the result of the accidental injury suffered on December 4, 1951. Therefore, his claim for compensation is hereby denied and dismissed."

The claim then went to the full Commission and additional testimony was heard. The Commission had the claimant examined by Dr. John E. Gruetter, who made a 3-page report to the Chairman of the Commission. Then the claimant offered further medical evidence in an effort to overcome the conclusions of Dr. Gruetter. The main issue was whether the claimant's hypertension was the result of the blow on the head which he received. Dr. Gruetter's 3-page report to the Chairman of the Commission concluded with this language:

"Consultation with Dr. Robert Watson, a neurosurgeon of this city, indicated that his present hypertension was inadequate in just explanation for the headaches.

"Conclusion: From the examination of the previous reports, as indicated above, and the findings from my history and physical examination, I would feel that the headaches which this man complains, are secondary to his hypertensive vascular state, which in my opinion would have no concrete association with his alleged head injury. The sub-sternal distress which he reported as being increased by activity and relieved by nitroglycerin, would be most suggestive of coronary artery insufficiency and this state would again be secondary to the hypertensive vascular disease. I would feel that the cause of this man's hypertension and the vascular disease which is manifest and the history of dyspnea with effort, coupled with that of chest pain with effort, that this man is totally and permanently disabled but that such disability was not secondary to a compensable cause."

Dr. Gruetter's report is substantial evidence on which the Commission could base its findings that the claimant's present disability was not the result of the trauma. The Commission did so find; and the rule is well settled that when the Commission's findings are supported by substantial evidence, they have the force and effect of a jury verdict. *Chicago Mill & Lbr. Co.* v. *Fulcher,* 221 Ark. 903, 256 S. W. 2d 723, and *Starrett* v. *Namour,* 219 Ark. 463, 242 S. W. 2d 963, are only a few of the cases where the Commission's findings on medical matters were held to be supported by substantial evidence. The rule of these cases is applicable here.

Appellant says that Dr. Gruetter's report should now be ruled out because it is not verified; and appellant relies on § 23(c) of the Initiated Act No. 4 of 1948 (being our present Compensation Law), and found in § 81-1323(c), Cumulative Pocket Supplement, Ark. Stats., which reads:

"At such hearing the claimant and the employer may each present evidence in respect of such claim. . . . Such evidence may include verified medical reports which shall be accorded such weight as may be warranted from all of the evidence of the case."

But appellant is not now in any position to raise such objection about Dr. Gruetter's report being unverified, because appellant offered no such objection before the Commission. If such objection had been made, Dr. Gruetter could have been called before the Commission to verify his report and submit to cross-examination. Instead of so objecting, appellant took the testimony of another Doctor in an effort to overcome the conclusions of Dr. Gruetter; and in such questioning, reference was made to Dr. Gruetter's report. In 71 C. J. 1237 in discussing procedure before Workmen's Compensation Commissions, many cases are cited to sustain this rule:

"Questions going to the competency of witnesses testifying in compensation proceedings cannot be considered for the first time on a review of such proceedings. Simi-

larly, questions dealing with the mode of examining a witness may not be considered when raised for the first time on appeal.''

The Commission accepted Dr. Gruetter's conclusions; and this case is ruled by those cases which hold that the factual findings of the Workmen's Compensation Commission will not be disturbed when supported by substantial evidence.

Affirmed.

Mr. Justice HOLT not participating.