Lumbermens Mutual Ins. Co. v. Noah R. Cooper et al

4622                                       431 S.W. 2d 256

Opinion Delivered September 9, 1968

*Smith, Williams, Friday & Bowen by George E. Pike Jr.,* for appellant.

*Gordon, Gordon & Eddy* for appellee.

Lyle Brown, Justice.    This tort action arose out of a two car collision.    Appellee, Cooper, recovered $7,-000 against Lumbermens Mutual Insurance Company under the uninsured motorist provision of Cooper's pol-

icy.  Lumbermens Mutual insists there was no evidence of negligence on the part of Willie Walker, the uninsured motorist, and, alternatively, that the verdict was excessive.

Cooper lives in a rural area north of Plummerville in Conway County.  State Highway 92 is, at the situs of the collision, a two-lane asphalt road with curves and hills typical of that general area.  Cooper was on his way to Sunday School, accompanied by two grandchildren.  Following him was Willie Walker, a part-time preacher who was on his way to fill the pulpit at a church farther down the highway than Cooper's church. As Cooper approached his destination he made a left turn to enter the roadway leading into the churchyard. At a point where Cooper's pickup was half off the asphalt and half on the shoulder entrance to the church drive, Walker struck Cooper's pickup at the left front door, pushing the truck some 200 feet down the highway.

The trial court, sitting as a jury, placed full blame on Willie Walker.  We are unable to say that finding is not supported by substantial evidence.  Walker was 76 years of age, born in the area, fished the creek next to Cooper's church, and was well aware of the exit road leading to the church; Cooper was driving at a speed which of itself could be indicative that he intended to turn into the churchyard; and there were cars already parked in the area, making it apparent that services were being conducted.  Notwithstanding, Walker, who was already driving about forty miles per hour on the hilly road, increased his speed and went into an overtaking and passing movement, knocking the Cooper vehicle a considerable distance.  The trial court commented that under the circumstances Walker's speed was reckless, and we agree.

Cooper's version of the accident is far from flawless.  Contrary to the contents of his discovery deposition, Cooper testified that at a distance of 120 feet from

the turnoff he started his left turn signal and eased gradually to his left across the center line; that he could then see Walker in the mirror and Walker was judged to be a safe distance behind. If that version of Cooper's activities is correct, then the trial court was justified in placing full fault on the other driver. Walker and one other witness—his wife—contradicted Cooper. The findings of fact cannot be disturbed on appeal merely because of apparent contradictions of the claimant which, when added to other make-weights, may appear to place Cooper's testimony against the weight of the evidence. We must be able to go further and say there is no reasonable probability in favor of Cooper's testimony, and then only after giving legitimate effect to the presumption in favor of the jury, or trial court's, findings. *Baldwin* v. *Wingfield,* 191 Ark. 129, 85 S.W. 2d 689 (1935).

A closer question is presented with respect to the amount of recovery. The judgment must be evaluated on the basis of the nature and duration of any injury and any resulting suffering. There is no competent evidence on which loss of earnings can be predicated, no medical expenses (they having been paid under the terms of the policy), and no claim for property damage. Noah Cooper offered this evidence of injuries and resulting pain: Dr. Hickey's physical findings were "pain or tenderness, muscle spasm in the region of his neck, or cervical spine, tenderness of a portion of his skull, with limitation of motion of the cervical spine; he had tenderness over the anterior chest wall"; and x-rays were negative for fracture or dislocation. The doctor concluded that Cooper suffered a cerebral concussion, sprain of the cervical spine, contusion of the skull, contusion of the anterior chest wall, and sprain of the dorsal and lumbar spine; from the day after the accident (December) until March, the doctor prescribed nerve medicine, muscle relaxants, analgesics, and sedation, together with ACTH; that course was resumed the following September and continued for two months; pa-

tient suffered pain during the periods of treatment; doctor is informed patient continues to take considerable amount of aspirin and nerve medication; he will continue to have pain from time to time; and there is a probability of from five to ten per cent permanent partial disability, but more time is needed to confirm.

Cooper testified as to pain resulting from the more strenuous movements involved in carpentry, his trade; he sold a small herd of livestock, so he testified, partly because it was painful to perform some of the incidental duties, such as handling bales of hay. He continued with his carpentry work and earned more money the following year than the year preceding the collision; however, he detailed particular carpentry chores which produced pain and forced him to do less manual labor, particularly for continued periods. Dr. Hickey testified that a man sixty-one years of age would be less likely to "bounce back" from Cooper's type of injury than would a younger man, and that his need for medication would continue indefinitely — "analgesics, sedatives, nerve medication."

While we unhesitatingly find the verdict to be liberal, based on the record, we did not have the advantage of listening to the claimant and observing his demeanor on and off the witness stand. We cannot say the verdict is excessive.

Affirmed.