LAWRENCE LAVENDER, SR. v. SOUTHERN FARMERS ASS'N.

5-4905 440 S.W. 2d 241

Opinion Delivered April 28, 1969
[Rehearing denied June 2, 1969.]

*Levine & Williams* and *Gregory & Claycomb* (of counsel on appeal) for appellant.

*Smith, Williams, Friday & Bowen* by *Boyce R. Love* for appellee.

GEORGE ROSE SMITH, Justice. On the night of October 26, 1967, a tractor-trailer combination belonging to the appellee collided with three cows, overturned, and sustained damage stipulated to be $7,287.42. The appellee brought this action for its loss, asserting that the appellant had unlawfully allowed the animals to run at large on the highway. Ark. Stat. Ann. § 41-430 (Repl. 1964); *Rogers* v. *Stillman*, 223 Ark. 779, 268 S.W. 2d 614 (1954). In appealing from a judgment for the plaintiff the appellant contends that there was no substantial

evidence to support the jury's verdict.

We cannot sustain that contention. At the time of the accident Lavender (the appellant) and his family were in Colorado on a hunting trip. Lavendar had left his livestock in charge of his son-in-law, Leslie Curbow, who lived on Mr. Lavender's place, next to the corral where the cattle were kept. Leslie's brother, Billy Curbow, was the principal witness for the plaintiff.

Billy, who testified by deposition before entering the military service, lived in the neighborhood and reached the scene of the accident about five minutes after it happened. He testified that the three cows belonged to Mr. Lavender; he "personally" saw Lavender's brand on the animals. He went on to say that the cows had been at large for about three weeks and that he and his brother had been chasing them that same afternoon. According to Billy, the cattle escaped from a pasture that had not been used since the preceding spring. The fences were in disrepair; ". . . several places where you could walk through the fence, or step over the fence, or places there just wasn't a fence."

The defense testimony was directed toward rebutting Billy Curbow's deposition. Mr. Lavender admitted in a discovery deposition that some of his cattle had gotten out, but he disclaimed negligence by saying that "someone" had a wreck and ran over his fence and that a tree blew down across the fence while he was in Colorado. Leslie Curbow denied that he and Billy had chased the cows that very afternoon. Leslie testified that the three animals belonged to Mr. Lavender's son and had escaped a few hours before the accident by pushing aside the lower corner of a gate that was fastened by a chain about three and a half feet above the ground.

From what we have said it will be seen that the decisive issue for the jury was simply that of deciding which witnesses to believe. The appellant argues that

764

Billy Curbow's testimony was "inconsistent and unclear," but we certainly cannot say that it was not evidence of substantial quality. It may be compared to the testimony of the plaintiff in *St. Louis S.W. Ry.* v. *Ellenwood,* 123 Ark. 428, 185 S.W. 768 (1916), where we said, in language equally applicable to the case at hand: "In the case at bar the conditions surrounding the plaintiff, as testified to by the defendant's witnesses, furnish a very strong argument against the credibility of his testimony, but this is as far as the record authorizes us to go. It can not be said that the testimony of the plaintiff is contradicted by the physical facts or is opposed to any unquestioned law of nature. His testimony related to matters, situations and conditions which might or might not have existed, and his right to recover depended wholly upon the truth or falsity of his testimony. His testimony was, therefore, evidence of a substantial character and if believed by the jury, was sufficient to warrant a recovery in this case." There is nothing we need add to that statement.

Affirmed.