## INDEPENDENT STAVE CO, INC., EMPLOYER *v.* KENNETH FULTON, EMPLOYEE

5-5809                                    476 S.W. 2d 792

Opinion delivered February 28, 1972

*Howell, Price, Howell & Barron,* for appellant.

*J. H. Cottrell* and *Thorp Thomas,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellee suffered an injury compensable under the Workmen's Compensation Act in September 1965, while employed as a tumbler operator by Arkansas Die Cast. After intervertebral disc surgery by Dr. Robert Watson for this injury, he was awarded compensation for a 15% permanent partial disability of the body as a whole. He was employed by

appellant in 1969 and claimed that, on October 17, 1970, he suffered a new injury to the back which arose out of and in the course of his employment. He again underwent surgery by Dr. Watson. This appeal is from a judgment sustaining an award of Workmen's Compensation for an additional 10% permanent partial disability of the body as a whole and 15% to the body as a whole for loss of earning capacity. We find no reversible error.

Appellant's first point for reversal is that the evidence to support the award is not substantial, because of absolute lack of credibility on the part of the appellee-claimant, and the award depends, to a great extent, upon his testimony. This argument is based, for the most part, upon the claimant's specific denial of any disability on his application to appellant for employment, even though, at the hearing on this claim, he was able to recall, without any difficulty, all the circumstances relating to the previous injury and disability and was even able to recall that some 20 years earlier, when he was 13 years of age, he had falsified his age in order to enlist in the army.

We have repeatedly held that determinations as to the credibility of witnesses are within the exclusive province of the Workmen's Compensation Commission. *Arkansas Foundry Co.* v. *Cody,* 251 Ark. 57 (1971), 470 S. W. 2d 812; *Bibler Brothers* v. *Allen,* 251 Ark. 593, (1971), 474 S. W. 2d 116; *Dacus Casket Co.* v. *Hardy,* 250 Ark. 886 (1971), 467 S.W. 2d 713. Although testimony in a workmen's compensation case might be so unworthy of credit that an award based upon it would be without substantial evidentiary support, we should not so hold under circumstances different from those justifying our finding that testimony is so incredible that it does not afford substantial evidentiary support for a jury verdict. Those circumstances, recently applied in *Ellsworth Bros. Truck Lines* v. *Canady,* 245 Ark. 1055, 437 S. W. 2d 243, and *Lavender* v. *Southern Farmers Assn.,* 246 Ark. 762, 440 S. W. 2d 241, were well stated in *St. Louis S. W. Ry. Co.* v. *Ellenwood,* 123 Ark. 428, 185 S. W. 768. There we said:

Appellate courts take notice of the unquestioned laws of nature, of mathematics, of mechanics and of

physics. So where there are undisputed facts shown in the evidence, and by applying to them the well known laws of nature, of mathematics and the like, it is demonstrated beyond controversy that the verdict is based upon what is untrue and what cannot be true, this court will declare as a matter of law that the testimony is not legally sufficient to warrant the verdict. In the case at bar the conditions surrounding the plaintiff, as testified to by the defendant's witnesses, furnish a very strong argument against the credibility of his testimony, but this is as far as the record authorizes us to go. It cannot be said that the testimony of the plaintiff is contradicted by the physical facts or is opposed to any unquestioned law of nature. His testimony related to matters, situations and conditions which might or might not have existed, and his right to recover depended wholly upon the truth or falsity of his testimony. His testimony was, therefore, evidence of a substantial character and if believed by the jury, was sufficient to warrant a recovery * * *.

We have stated the substantial evidence rule to mean that we will not overturn a finding of fact by a jury or circuit judge sitting as a jury unless there is no reasonable probability that the facts could be as related by a witness upon whose testimony the finding was based. *Fanning* v. *Hembree Oil Company,* 245 Ark. 825, 434 S. W. 2d 822; *Lumbermens Mutual Ins. Co.* v. *Cooper,* 245 Ark. 81, 431 S. W. 2d 256; *Baldwin* v. *Wingfield,* 191 Ark. 129, 85 S. W. 2d 689.

The same rule is just as appropriate to review of Workmen's Compensation awards as to jury verdicts. We have uniformly held that the findings of the commission are to have the same force and effect as a jury verdict when supported by substantial evidence. *Guynn's Estate* v. *Helena Hospital,* 240 Ark. 56, 398 S. W. 2d 526; *Andrews* v. *Gross & Janes Tie Co.,* 214 Ark. 210, 216 S. W. 2d 386; *Foster* v. *Ft. Smith Cotton Oil Co.,* 224 Ark. 394, 273 S. W. 2d 529. The same tests of substantiality of evidence, then, should be applied to Workmen's Compensation Commission findings and jury verdicts.

Appellant's remaining point for reversal is that there is no substantial evidentiary support for the award of 15% additional permanent partial disability for loss of earning capacity. As appellant points out, the question is not whether the evidence would have supported a contrary finding, but whether it supports the finding which was made. *Wilson Lumber Co.* v. *Hughes,* 245 Ark. 168, 431 S. W. 2d 487. Appellant also points out that the claimant was to be compensated only for the degree of disability that would have resulted from the subsequent injury if the previous disability had not existed. Ark. Stat. Ann. § 81-1313(f) (2) (ii) (Supp. 1971). Appellant argues that there is no evidence as to loss of earning capacity attributable to the second injury. We do not agree.

Appellee was 36 years of age. He did not go beyond the seventh grade in school. He had never done anything except manual labor. His previous employment had included installation of chain link fences and operating a mowing machine. He testified that after his first surgery, he experienced no difficulty with his back, and was able to go hunting the day he got out of the hospital. His performance in the employ of appellant for one year as a router operator warranted an increase in his rate of pay. He said that he had "moonlighted" after work hours and during weekends doing such work as building fences and helping to feed livestock at a pay scale of $1.50 per hour, but was no longer able to do this kind of work. He said that he could no longer engage in his recreation of hunting and fishing because of his injuries. After surgery by Dr. Watson, he was released from treatment on May 15, 1971, by Dr. Joe B. Wilson, who advised him to discontinue "exertious" manual labor and to enter therapy for lighter employment. He said that he had endeavored to return to work for appellant on March 1, 1971, and actually worked for seven days beginning March 3. He testified that he was able to continue at the job only by taking 12 to 15 Anacin tablets daily and by going to bed as soon as he ate, bathed and read the newspaper after getting off work. He stated that finally, on the last day he worked, he had to leave his job and sit down because he was hurting so badly. The assistant foreman under whom he worked testified that he ob-

served that Fulton was in pain the last day or two, and was complaining of pain in his back. The claimant's wife corroborated his testimony in many respects. In spite of the fact that the foreman in charge of Fulton's work testified that operating a router is not strenuous work, the other evidence of loss of earning capacity constitutes substantial support for the award.

The judgment is affirmed.