LOUIS A. GREEN *v.* HOSEA A. HARRINGTON ET AL

5-6103                                        487 S.W. 2d 612

Opinion delivered November 27, 1972
[Rehearing denied January 8, 1973.]

*Kenneth Coffelt,* for appellant.

*Terral, Rawlings, Matthews & Purtle,* for appellees.

FRANK HOLT, Justice. The appellant, a school teacher, brought this action against the appellees, members of the Board of the Pulaski County School District, alleging that the appellees had "unlawfully breached their said contract with" appellant by terminating his contract although appellant had offered to continue performance. He sought compensation for the alleged balance due on his annual written contract. It was stipulated that the appellant had served appellees in a teaching capacity for the preceding 13 years. The trial court, sitting as a jury, found that appellees had just cause in discharging appellant; that in doing so the appellees did not act arbitrarily or capriciously; and that the appellees had offered the appellant all available administrative remedies. Appellant contends for reversal of the judgment that the trial court erred in denying judgment to the appellant against the appellees upon his "motion and as prayed for in the complaint because the judgment of the trial court is contrary to the evidence in the case and the applicable law, the facts being that there is a clear, unjustifiable breach of the contract ***, without any just cause."

It is an oft stated rule that it is the function of the jury or the trial court sitting as a jury to determine the preponderance of the evidence, and we affirm if there is any substantial evidence to support the finding after reviewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the ap-

pellee. *Fanning* v. *Hembree Oil Co.*, 245 Ark. 825, 434 S. W. 2d 822 (1968). Before we reverse the finding of a jury or a trial court sitting as a jury, it must appear to us that "[T]here is no reasonable probability that the incident occurred as found by the trial court sitting as a jury." *Fanning* v. *Hembree Oil Co.*, *supra, Lumbermens Mut. Ins. Co.* v. *Cooper*, 245 Ark. 81, 431 S.W. 2d 256 (1968). In the case at bar we are of the view there is substantial evidence to sustain the trial court's action.

Appellant was placed on probation in writing during the 1970-1971 school term for assertedly having an unprofessional attitude and failing to maintain a proper standard of teacher-student relationship. He was later advised that this complaint had been corrected and was rehired for the 1971-1972 school year term. A few months after the beginning of the new term he was suspended by written notice which detailed four reasons for the suspension. Appellees afforded the appellant an opportunity to be heard before the board to make an explanation and refute the written accusations upon which his suspension was based. Appellant appeared by counsel and refused to offer any explanation on the theory that the burden was upon the appellees to adduce proof to sustain the charges against him. He was offered another similar hearing which he refused to attend upon advice of counsel. Appellant, also, was offered the opportunity to appear before the Pulaski Association of Classroom Teachers (PACT). This is a voluntary organization which exists as a policy of the School District. This committee is composed of four classroom teachers (elected by the teachers), two principals (selected by the principals), and one administrative staff member (chosen by the administrative staff). The appellant, with his counsel, appeared before this committee and declined to discuss the charges on the basis that the committee was illegally convened and had no statutory authority. It appears that the purpose of the committee was to investigate and hear complaints concerning teachers and merely offer recommendations. The committee recommended suspension to the appellees. Upon being discharged by appellees, the appellant filed his complaint in Circuit Court alleging un-

lawful breach of his contract and seeking the balance due on his contract for the current school term.

Evidence was adduced before the trial court that a bottle of alcoholic beverage was transported from appellant's car by a ninth grade student to the school cafeteria refrigerator at appellant's request. Later in the day the bottle was removed from the refrigerator and placed in appellant's car by the same student as directed by appellant. This was one of the four written accusations. Appellant admitted the incident; however he denied that the bottle contained any alcohol. The bottle was introduced by appellant as an exhibit and it is labeled a "WHISKEY SOUR MIX" and is non-alcoholic with no liquor stamp. Appellant's explanation was that he had a date that evening with another teacher and that she had inquired about ingredients for cocktails at her apartment preceding their attending the local school football game. One of appellees' witnesses a counselor assigned to the Junior High School, testified, however, that he had observed the bottle in the cafeteria refrigerator. According to him, it was a "bottle of whiskey sour with alcohol with a stamp on it *** the seal wasn't broken." It was in a brown bag with some garnishments ordinarily used with alcoholic beverages. Later when the boy attempted to take the bag and its contents to appellant's car, as requested by appellant, the youth was intercepted by this counselor. At first the student denied knowing the contents of the bottle and then admitted to the counselor that the bottle contained liquor. The boy then was permitted to take the bag and its contents to appellant's car. On cross-examination the student, also, admitted there "was alcohol in the bottle." Therefore, a fact question on the issue of alcoholic beverages was presented to the trial court, as a jury, and any conflict in the evidence was within the province of the court to resolve. As previously indicated, on appellate review in testing the sufficiency of the evidence as being substantial in nature, we consider the testimony of the appellees alone or that portion of all the evidence which is most favorable to them. *Baldwin* v. *Wingfield,* 191 Ark. 129, 85 S.W. 2d

689 (1935). In the case at bar, we deem it unnecessary to discuss the other three allegations inasmuch as we are of the view the evidence as previously discussed, is sufficiently substantial to sustain the trial court's finding that appellant was discharged with just cause. However, in fairness to appellant, it must be said that he denied the accusations and, also, that no student or school patron made any complaint against him.

We have long recognized that every teacher's contract, "includes the implied power of the board to dismiss for adequate cause." *Crownover* v. *Alread School Dist. No. 7,* 211 Ark. 449, 200 S.W. 2d 809 (1947). It is only in cases where the dismissal is not justified that the teacher is entitled to damages. *Berry* v. *Arnold School District,* 199 Ark. 1118, 137 S.W. 2d 256 (1940). These rules of law which have evolved are in accord with our cases which hold that school boards must necessarily be given some latitude. *White* v. *Jenkins,* 213 Ark. 119, 209 S.W. 2d 457 (1948), *Safferstone* v. *Tucker,* 235 Ark. 70, 357 S.W. 2d 3 (1962), *Corbin* v. *Spec. School Dist. of Ft. Smith,* 250 Ark. 357, 465 S.W. 2d 342 (1971).

Appellant next asserts that "[T]he appellees failed to follow the required procedural due process requirements under the 14th Amendment to the U.S. Constitution in their attempt to nullify their contract with appellant." We find no merit in his contention. The complaint alleged only an unlawful breach of contract and the due process argument was never raised or considered before the trial court. In these circumstances the issue cannot be considered because it is being raised for the first time on appeal. *Batesville Ins. & Fin. Co.* v. *U.S.F. & G.,* 248 Ark. 776, 453 S.W. 2d 709 (1970), *Hettel* v. *Rye, Adm'r,* 251 Ark. 868, 475 S.W. 2d 536 (1972). Furthermore the appellant was given notice in writing of the alleged complaints against him and was given adequate opportunity to refute the allegations. The procedure accords with the rudiments of fair play and a fair hearing under the "implied power of the [school] board to dismiss for adequate cause."

Affirmed.