JIM WALTER HOMES INC *v.*
Oather BOWLING d/b/a BOWLING BUILDING SUPPLY

75-11                                      521 S.W. 2d 828

Opinion delivered April 28, 1975

*Spencer & Spencer,* for appellant.

*Jack M. Lewis,* for appellee.

JOHN A. FOGLEMAN, Justice. Only one question is in-

volved on this appeal. That is whether the placing of a wall box containing electrical equipment on a pole located upon unplátted and unimproved property constitutes commencement of a building within the meaning of Ark. Stat. Ann. § 51-607 (Repl. 1971). The trial court found that the electrical materials purchased on February 5, 1973 were for the purpose of establishing a power unit on a pole adjacent to the site of a home to be constructed on the premises and, since the installation of the pole and a power unit occurred prior to the recording of a mortgage, the installation constituted the commencement of the building as a matter of law. We disagree and reverse the judgment.

We have previously considered the meaning of the words "commencement of [the] buildings or improvements" in Ark. Stat. Ann. § 51-607, the section of the statute relating to establishment of priorities of mechanics' and materialmen's liens. In order to constitute "commencement" sufficient to establish lien priority the work done must be such as to make it obvious that improvements on the property are being commenced or are underway. It means some visible or manifest action on the premises to be improved making it apparent that the building is going up or other improvement covered by the statute is to be made. *Clark* v. *General Electric Company,* 243 Ark. 399, 420 S.W. 2d 830. *Mark's Sheet Metal Inc.* v. *Republic Mortgage Co.,* 242 Ark. 475, 414 S.W. 2d 106. Removing the foundations of old buildings on the premises, commencment of leveling operations and the establishment of cut and fill elevations are not sufficient evidence of commencement. *Clark* v. *General Electric Company,* supra. An inspection and measurement of the premises and the placing of a wooden peg to determine the location of a proposed house on the premises are not sufficient. *Marks Sheet Metal, Inc.* v. *Republic mortgage Company,* supra.

The question of priorities in these cases is rendered more difficult because of the strong equities favoring both parties. These equities are conflicting and competing. In considering them, it is imperative that we remember that basically the evidence of titles to, and liens upon, real estate is required to be a matter of record. The mechanics' and materialmen's lien statute provides a notable and appropriate exception. But in

order that the exception prevail, it is essential that the mechanic or materialman bring himself within the terms of the statute. We have not yet gone so far as to hold that, in order to establish priority, there must be actual excavation for a basement or foundation or that the labor or materials involved must be such as could afterward become a component part of the structure, as many jurisdictions have. *Clark* v. *General Electric Company*, supra. But it has been held that the driving of stakes to indicate the line of foundations and the digging or scraping away dirt to bring one corner down to the proper level would not constitute commencement of a building. *Kelly & Martin* v. *Rosenstock & Stein*, 45 Md. 389 (1876). It had been previously held in the same jurisdiction that driving pegs in the ground, and laying it off for buildings could not be regarded as a commencement of the building within either the letter or spirit of the law. *Brooks* v. *Lester*, 36 Md. 65 (1872). Staking out the foundation line was held insufficient in *Conrad & Ewinger* v. *Sturn*, 50 Iowa 470 (1879). The placing of lumber on the premises and the building of a fence enclosing the premises were not sufficient to justify the court in giving priority to the furnisher of the materials over a recorded mortgage. *Middletown Savings Bank* v. *Fellowes*, 42 Conn. 36 (1875).

It is clear that work simply preparatory to future building operations does not constitute the "commencement of [a] building". The installation of the power pole and wall box was only a preparatory step and did not constitute the commencement of a building, under our statute, which would give priority to the materialman over a subsequently recorded construction money mortgage.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

BYRD and HOLT, JJ., dissent.

JONES, J., not participating.

FRANK HOLT, Justice, dissenting. In view of the peculiar facts in the case at bar, I cannot agree with the majority that the installation of a power pole with a wall box containing

electrical equipment is not, as a matter of law, sufficiently visible or a manifest action on the premises which would make it apparent to appellant that a building is being commenced or other improvement is being made. The court, sitting as a jury, found that the installation was sufficient notice to the appellant.

It is well established that it is a function of the jury, or the trial court sitting as a jury, to determine the preponderance of the evidence and we afirm if there is any substantial evidence to support the finding after reviewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee. *Fanning* v. *Hembree Oil Co.*, 245 Ark. 825, 434 S.W. 2d 822 (1968). Before we reverse the finding of a jury or a trial court sitting as a jury, it must appear to us that "[T]here is no reasonable probability that the incident occurred as found by the trial court sitting as a jury." *Fanning* v. *Hembree Oil Co., supra; Lumbermens Mut. Ins. Co.* v. *Cooper*, 245 Ark. 81, 431 S.W. 2d 256 (1968). In the case at bar, it is undisputed that appellant is in the business of selling unfinished homes. It appears undisputed that the appellee furnished the electric power device to the purchaser of appellant's home a few days before the appellant "put their part on the site" and before recording its mortgage. There was evidence that the electrical outlet was necessary in the construction. The purchaser was asked: "Was that necessary to have that there before Jim Walters could put their part on the site? Yes sir. So, you got these before Jim Walters did their part? Yes sir."

In *Clark* v. *General Electric Co.*, 243 Ark. 399, 420 S.W. 2d 830 (1967), cited by the majority, we said:

We had occasion to determine whether there was a 'commencement' of a building sufficient to establish lien priority recently in *Mark's Sheet Metal, Inc.*, v. *Republic Mortgage Co.*, 242 Ark. 475, 414 S.W. 2d 106. There we held that the work done must be such as to make it obvious that improvements on the property were being commenced or were underway. We said that the clause in question means some visible or manifest action on the premises to be improved, making it apparent that the

building is going up or other improvement is to be made.

Consequently, in the case at bar when the evidence is viewed most favorably to the appellee, I am of the view that a fact issue existed as to whether the installation of the power pole and electrical unit was sufficiently visible and manifest to make it obvious to the appellant that improvements on the property had commenced or were underway in order for appellant to complete its unfinished shell home upon delivery. There is substantial evidence to sustain the trial court's findings and I would affirm.

BYRD, J., joins in the dissent.