BANK OF CAVE CITY *v.* Bobby HILL
and WHITE RIVER MATERIALS, INC.

79-189                                              587 S.W. 2d 833

Opinion delivered October 22, 1979
(Division I)

*Tom Allen* of *Allen & McSpadden,* for appellant.

*John C. Gregg* of *Highsmith, Gregg, Hart & Farris,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant claims that its construction money mortgage has priority over the materialmen's liens of appellees Bobby Hill and White River Materials, Inc., and that the decree of the trial court to the contrary should be reversed. We agree with the chancery court and affirm.

The case was tried upon the following stipulation of facts:

## I.

Prince Construction and Metal Supply, Inc. purchased the property being the subject of this dispute on the 13th day of April, 1977, and on the same day verbally agreed with Bobby Hill to purchase a metal building to be placed on said real property.

## II.

That John E. Bryant & Sons Lumber Co., which is not a party to this proceeding, delivered material to the construction site on the 18th day of April, 1977.

## III.

That the Bank of Cave City agreed to loan the defendant, Prince Construction and Metal Supply Inc. the sum of $12,000 to be used in the construction of a metal building on the aforementioned real property. On the same date, Prince Construction and Metal Supply, Inc. was advanced the sum of $8,500 by the Bank of Cave City, and in turn executed their promissory note and deed of trust securing the sum of $12,000 which was subsequently filed for record on the 25th day of April, 1977.

## IV.

That White River Materials, Inc. delivered certain materials in the sum of $1,354.64 on the 28th day of April, 1977.

## V.

On the 11th day of May, 1977, Bobby Hill delivered to the real property being the subject matter of this dispute, materials for erection and construction of a metal building.

## VI.

On the 31st day of May, 1977, White River Materials, Inc. delivered materials valued at $144.20 to the construction site.

## VII.

On the 6th day of June, 1977, the Bank of Cave City advanced the sum of $6,000 as an additional advance on the notes secured by the aforementioned deed of trust.

## VIII.

On the 8th day of August, 1977, White River Materials, Inc. served Prince Construction and Metal Supply, Inc. with a notice of materialman's lien.

## IX.

On the 11th day of August, 1977, plaintiff, Bobby Hill commenced this action by filing a complaint against Prince Construction and Metal Supply, Inc. and the Bank of Cave City, Cave City, Arkansas, seeking to establish a materialman's lien and to foreclose the same.

## X.

On the 18th day of August, 1977, White River Materials, Inc. filed suit seeking to foreclose its materialman's lien.

## XI.

On the 20th day of September, 1977, the Bank of Cave City, paid the sum of $1,875.38 to Bryant Lumber Co. for materials delivered to the construction site on April 18, 1977, to preclude the possibility of the filing of a lien by Bryant Lumber Co.

Appellant contends that a materialman who furnishes materials after the recording of a construction money mortgage is not entitled to priority over the lien of the mortgage. We have held to the contrary in *Planters Lumber Co. v. Jack Collier East Co.*, 234 Ark. 1091, 356 S.W. 2d 631, where we said that the lien of such materialmen relates back to the commencement of the construction of the building. Appellant seeks to distinguish this case from that one by pointing out that the materialman who furnished material prior to the recording of the construction money mortgage, in that case, perfected his lien, while the John E. Bryant & Sons Lumber Company did not perfect its lien. Appellant says that, under the circumstances existing here, the liens of appellees cannot stand on the same footing as that of Bryant, because Bryant

never perfected its lien.

Appellant's argument is not sound. In the Planters case the mortgagee also paid the claim of the claimant which had furnished material prior to the filing of the mortgage. The decision in that case did not turn upon the fact that the first material supplier had perfected its lien. The subsequent suppliers did not rely on that fact at all. They contended that their liens related back to the "commencement of the building" and that the date of delivery of the material of the first supplier to the lot on which the building was constructed was the "commencement of such building." We agreed, pointing out that when the materialman claiming a lien files his account with the circuit clerk, as provided by Ark. Stat. Ann. § 51-613 (Repl. 1971), his lien dates back to the "commencement of such building" and is superior to any lien on the property that may have been placed there "subsequent to the commencement of such building." We said that, in order for the construction money mortgage to have priority, it must have been executed before the "commencement of such building."

We consider our previous decision controlling here. The lender who proposes to lend construction money can determine whether its mortgage will have priority by an inspection of the premises. *Mark's Sheet Metal, Inc.* v. *Republic Mortgage Co.*, 242 Ark. 475, 414 S.W. 2d 106; *Clark* v. *General Electric Co.*, 243 Ark. 399, 420 S.W. 2d 830. Under the authority of these cases, such a mortgagee is charged with notice of whatever an inspection of the premises would have disclosed. Appellant concedes that the Bryant company had delivered materials to the construction site prior to the filing of its mortgage.

Appellant laments that "if the lower court is upheld most lending institutions will not make any advances over and above the original amount committed to in the construction mortgage, and second mortgages for the purpose of completing construction will be almost non-existent." It is interesting to note that the writer of the dissenting opinion in *Planters Lumber Co.* v. *Jack Collier East Co.*, supra, said: "I fear the economic repercussions which will flow from the majority

opinion. Following the rule set down by the Court today, no individual nor lending institution can safely loan money to further a building project after one nail has been driven which has been purchased on credit. A lender willing to make a construction loan and take a mortgage to secure it cannot gain security for his loan by searching the records to determine the extent of prior liens on a building project, ascertain the amount of work done and materials furnished, and then act on the basis of this information. If he advances money on a project upon which construction has already begun, his mortgage would be inferior to those who might subsequently furnish labor or material for the project . . ." The fears of today's appellant and yesteryear's dissenters are the same, but the latter plainly recognized the impact of the majority opinion. In the ensuing 17 years the General Assembly has not seen fit to change the law in respect to priority of liens, even though other substantial changes were made in 1979. The question is still one for legislative determination.

The judgment is affirmed.

We agree. HARRIS, C.J., GEORGE ROSE SMITH and HICKMAN. JJ.