Etta Edith TREADAWAY *v.* RICELAND FOODS

CA 79-217                                                    594 S.W. 2d 861
Court of Appeals of Arkansas
Opinion delivered February 20, 1980
Released for publication March 12, 1980

*Anthony W. Bartels,* for appellant.

*Penix, Penix & Mixon,* for appellee.

M. STEELE HAYS, Judge. This is a claim for death benefits under the Workers' Compensation Act brought by the widow of an employee of Riceland Foods who dies on April 19, 1976, having had a history of heart disease. The death certificate attributed death to: a) organic heart disease and b) acute myocardial infarction. On March 22, 1976, the decedent, appellant's spouse, was unloading bags of rice and moving them on a "two-wheeler." During the afternoon he felt ill and rested for perhaps thirty minutes, declining the suggestion of others that he leave work and see a doctor. That evening the decedent consulted his physician, Dr. Floyd A. Smith, whose records reflected that he saw the decedent for an office visit on March 22, complaining of pain in chest and arms. Dr. Smith made an appointment for the decedent with Dr. Guinn in Jonesboro for March 25, where he was seen by Dr. Guinn's associate, Dr. Whittington, and on March 26 by

Dr. Guinn. EKG's were performed and on both occasions with normal results. Decedent was diagnosed as having Ischemic heart disease due to coronary artherosclerosis. Medication was prescribed and decedent was sent home. He returned on April 2, still experiencing chest pain and shortness of breath on exertion. On April 17, decedent was admitted to the hospital as a result of chest pain and on April 19, he expired.

The Administrative Law Judge and the Full Commission denied death benefits upon a finding that there was no medical evidence which attributed either the decedent's illness or his death to his work, and pointing to a letter from Dr. Floyd A. Smith dated July 6, 1977, which contained the following excerpt:

> "Enclosed is a copy of my letter to an attorney in Jonesboro concerning Mr. Hugh Treadaway, deceased. This patient gave a history of angina, but his primary reason for the visit to my office was to be referred to another physician for hospitalization. Although he was not examined at the time of his visit, my impression was that he did have angina. *However, I could not see how his illness could be classified as work related."* (Emphasis supplied)

The claimant asks us to reverse the Commission and hold that the death of the decedent was the result of the work he was engaged in on March 22, notwithstanding the fact that the only medical evidence in the record is to the contrary. To grant claimant's supplication would require that we find substantial evidence where none exists and ignore evidence to the contrary that does exist. This we are unwilling to do. The law is clear — we must affirm the Commission if its findings are supported by substantial evidence, as they are said to have strong probative force, the same binding force as a jury verdict. *American Casualty Co. v. Jones,* 224 Ark. 731; *Independent Stave Co. v. Fulton,* 251 Ark. 1086; *McGregor & Pickett v. Arrington,* 206 Ark. 921.

Claimant cites the case of *Kostamo v. Marquette Iron Mining Co.,* 274 N.W.2d 411 (Mich. 1979) as holding that "a claimant need establish causality only by preponderance of the evidence and that a medical testimony is not a prerequisite to a prima facie case for Workers' Compensation. . . . " We agree

with the position taken by the court in *Kostamo,* but we do not find that the decision stands for the proposition claimant says it does. In the first place, the claimant did in fact offer medical evidence in support of the claim, as the opinion recites that a Dr. English testified in behalf of claimant. What the case does hold is that lay evidence of stress in heart cases may not be ignored, in effect, by giving preclusive weight to medical opinion. We agree. But there is nothing in the record before us from which we could conclude that that is what happened here. As a matter of fact, in addition to the absence of medical support, claimant's lay evidence was virtually nonexistent relative to the stress factors which the court adverted to in the *Kostamo* case: "The stresses that may cause (heart) attacks include: anxiety, anger, fear, exhilaration, fatigue and environment (air, heat, cold)." The testimony on behalf of claimant in the present case produced none of these stresses, as the evidence was that the day of decedent's onset (March 22) was not hot, the working area was spacious, the men were working at a leisurely pace, had not been working overtime, were engaged in "day-to-day" routine, moving "small" rice bags on to a two-wheeler which required only slight lifting. In short, there was an absence of either lay or medical evidence to bring this case within the bounds of the *Kostamo* case.

The fact is that in order to do what appellant-claimant asks us to do, we would be required to hold that a worker who experiences chest pain while engaged in his employment duties and who later collapses from heart disease is entitled to compensation as a matter of law. None of the cases cited throughout appellant's brief stands for such a proposition and our own research fails to turn up a decision which goes to this extreme.

Appellant also insists that the Administrative Law Judge erred in not allowing proffered evidence from an expert as to the causation of the heart attack. But we find no merit in this argument.

At the close of claimant's case, counsel for claimant advised the Administrative Law Judge that he had intended to

call a Dr. Shepherd to interpret claimant's charts and medical records, but that Dr. Shepherd was out of town, proposing that the record remain open. Counsel for respondent objected, to which counsel for claimant replied:

"I would be happy to settle for a written report from one of the three treating doctors, either Clopton, Burns, or Guinn . . . ."

The Administrative Law Judge then ruled that the record would remain open for thirty days for a report from one of the treating physicians. Counsel for claimant offered no objection to this ruling, nor did he raise any objection on this point before the Full Commission. Additionally, the report from one of the treating physicians was never offered, nor was a proffer of Dr. Shepherd's testimony ever made either to the Administrative Law Judge or to the Full Commission and in view of counsel's failure to comply with Rule 14 of the Rules of the Workers' Compensation Commission, a remand of the case on these circumstances would not possibly be warranted.

Affirmed.

PENIX, J., not participating.